**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBIN M., | Case No. 2:23-cv-00382-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket Nos. 17, 18] |
| KILOLO KIJAKAZI, | |
| Defendant(s). | |

Pending before the Court is Plaintiff's unopposed request for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), as well as costs. Docket Nos. 17, 18.

The Court has an independent obligation to consider the reasonableness of the amount of fees sought under the EAJA regardless of whether the request is opposed. *Douzat v. Saul*, 2020 WL 3408706, at *1 (D. Nev. June 11, 2020) (collecting cases). Fees awarded under the EAJA are determined based on the lodestar approach, except that the hourly rates are capped unless the Court in its discretion determines otherwise. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012); *see also* 28 U.S.C. § 2412(d)(2)(A). Hence, a review of a fee request requires appropriate documentation to conduct the lodestar analysis, along with a showing regarding the hourly rates sought to the extent they exceed the cap imposed by Congress. *See, e.g.*, *Douzat*, 2020 WL 3408706, at *2-4. When such information has not been provided, the fee request may be denied without prejudice so that such information can be presented to the Court in a renewed request. *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000).[1]

---

[1] The Court may also "simply reduce[] the fee to a reasonable amount" when it is not provided appropriate documentation. *Id.* Although the Court is providing a further opportunity to support the fee request with appropriate documentation by issuing this order, it may not do so again in the event any renewed request is not sufficiently supported. To be clear, the Court is not endeavoring to catalogue all potential problems with Plaintiff's current fee request. It is the responsibility of Plaintiff's counsel to ensure that any refiled request is complete.

The instant request leaves many questions unanswered.  Most obviously, Plaintiff has not submitted information regarding the persons for whom fees are sought nor evidence regarding the prevailing hourly rate for services in this District.  Even when a showing has been made for enhanced rates under the EAJA, the movant must further show that those rates sought are in line with the prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.  *Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009).  Although time has been noted for six attorneys[2] and seven paralegals, the papers do not provide the basic information (such as years of experience, education, or background) for any of them.  Nor has a showing been made that the rates sought are in accordance with the prevailing rates in this community.  Of particular note, the vast majority of attorney hours were expended by Kaelin Richard.  *See* Docket No. 17-4.  According to the Florida Bar website, Attorney Richard had three years of experience when she worked on this matter.  *See White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (courts may take judicial notice of bar records).[3]  Ample case law in this District awards rates well below that sought here for relatively junior attorneys.  *See, e.g.*, *Barnett v. Kijakazi*, 2022 WL 17668043, at *3 n.5 (D. Nev. Dec. 13, 2022) (collecting cases).

Accordingly, Plaintiff's application for fees and costs is **DENIED** without prejudice.  Any renewed request must include appropriate paperwork and meaningful discussion.  Any renewed request must be filed by November 15, 2023.

IT IS SO ORDERED

Dated: November 1, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

[2] No explanation has been provided as to how it did not result in unreasonable or duplicative expenditure of time to have so many attorneys work on this matter.  *But see Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004).

[3] It is not the Court's job to create a record regarding the qualifications of attorneys for whom fees are sought.  Moving forward, Plaintiff's counsel must ensure that they provide a complete record with all pertinent information needed to calculate fees.