# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBIN M., | Case No. 2:23-cv-00382-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 21] |
| KILOLO KIJAKAZI, | |
| Defendant(s). | |

Pending before the Court is a stipulation for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), as well as for costs. Docket No. 21.

Fees are determined based on the lodestar approach by which the hours reasonably expended are multiplied by a reasonable hourly rate, except that in the EAJA context the hourly rates are capped unless the Court in its discretion determines otherwise. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012); *see also* 28 U.S.C. § 2412(d)(2)(A). Supporting the hourly rate for lodestar purposes requires the presentation of evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009) (requiring this showing for EAJA fee request).[1] When a fee claimant fails to provide the experience or qualifications of counsel, that attorney is properly treated as a first-year associate for purposes of

---

[1] "While opposing counsel did not contest the hourly rates claimed by plaintiff's counsel, it is nonetheless incumbent upon this Court to make an independent finding that such rates are reasonable before making any fee award." *Dease v. City of Anaheim*, 838 F. Supp. 1381, 1383 (C.D. Cal. 1993); *see also, e.g.*, *Bradley V. v. Kijakazi*, 2021 WL 4554108, at *1-3 (S.D. Cal. Oct. 4, 2021); *Atunez v. Comm'r of Soc. Sec. Admin.*, 2017 WL 4075830, at *2 (D. Ariz. Sept. 13, 2017); *Keyser v. Astrue*, 2012 WL 78461, at *3 (D. Ore. Jan. 10, 2012); *Lucas v. White*, 63 F. Supp. 2d 1046, 1060 (N.D. Cal. 1999); *Sneede by Thompson v. Coye*, 856 F. Supp. 526, 536 (N.D. Cal. 1994).

1

determining a reasonable hourly rate. *Vargas v. Howell*, 949 F.3d 1188, 1199-1200 (9th Cir. 2020).

The Ninth Circuit has held that "rate determinations in other cases [in that community], particularly those setting a rate for the [specific] attorney[s]" at issue, may provide satisfactory evidence as to the prevailing hourly rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the prevailing rates. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

The Court previously denied the requested fees in this case because "Plaintiff has not submitted information regarding the persons for whom fees are sought nor evidence regarding the prevailing hourly rate for services in this District." Docket No. 19 at 2; *see also id.* ("Although time has been noted for six attorneys and seven paralegals, the papers do not provide the basic information (such as years of experience, education, or background) for any of them" (footnote omitted)). The renewed request continues to lack this basic information.

Based on the Court's own research, it appears that (at a minimum) attorneys with at least ten years of social security lawyering experience have been awarded fees at the EAJA adjusted cap. *See, e.g.*, *Goodman v. Kijakazi*, 2022 WL 18034370, at *2 (D. Nev. Dec. 13, 2022). It also appears that the hourly rates sought here were previously set in social security cases in this District for attorneys Hal Taylor, Howard Olinsky, and Edward Wicklund, as well as to the paralegals working for them. *See Myra A. v. Comm'r of Soc. Sec.*, 2024 WL 3071150, at *2 (D. Nev. June 20, 2024); *see also Gibson v. Kijakazi*, 2022 WL 125316, at *3 (D. Nev. Jan. 12, 2022). Hence, the Court will accept the rates sought for Attorney Taylor, Attorney Olinsky, and Attorney Wicklund, as well as the paralegals. *See United Steelworkers*, 896 F.2d at 407.[2]

With respect to the remaining attorneys, the Court has no information as to the experience or qualifications of Julie Atkins or Matthew McGarry. *See* Docket No. 21. Hence, based on the current record, Attorney Atkins and Attorney McGarry would be treated as first-year associates. *See Vargas*, 949 F.3d at 1199-1200. The Court previously took judicial notice of the fact that

---

[2] Although the Court is filling in the gaps for these rates in this instance, the better practice for counsel moving forward is to supply the required information themselves.

Kaelin Richard conducted her work on this matter with three years of lawyering experience. Docket No. 19 at 2. Rather than provide case law regarding rates for comparable attorneys providing similar services (or other evidence of the rate in this District for the prevailing rate for comparable attorneys providing similar services), the renewed stipulation essentially argues that all attorneys in this District are awarded rates at or above those sought here. *See* Docket No. 21 at 3-4. To that end, the submission indicates that the rates sought here are "below the lowest prevailing market rate in the relevant community." *Id.* at 5. While the renewed stipulation has cited some case law, there is also ample case law providing lower rates for relatively junior attorneys. *See, e.g.*, *Barnett v. Kijakazi*, 2022 WL 17668043, at *3 n.5 (D. Nev. Dec. 13, 2022) (collecting cases). As such, the Court is not persuaded that every attorney in every case would be awarded an hourly rate of at least $244 in this District. Moreover and significantly, there does not appear to be any case law cited in the renewed stipulation <u>within the social security context</u>, which would presumably be the most probative set of awards given that the standard requires evidence as to comparable attorneys providing <u>similar services</u>.[3] At bottom, Plaintiff has not shown that the prevailing rate for a junior attorney in the cases she cites should translate to the prevailing rate for a first-year or third-year attorney in this social security matter.[4]

Lastly, the Court again notes that having six attorneys work on one social security appeal would appear to evidence an unreasonable duplication of effort. *See* Docket No. 19 at 2 n.2. No explanation has been provided as to why the hours worked by all six of these attorneys were reasonably expended in the circumstances of this case.

Accordingly, the renewed stipulation for fees and costs is **DENIED** without prejudice. The Court will provide one final opportunity to support the requested fee award. Any renewed request

---

[3] The Court notes that the ECF system reflects that one of the attorneys of record, Hal Taylor, has appeared in hundreds of social security cases in this District, which should provide ample opportunity to find rate determinations in other social security cases to support the rates being requested here.

[4] Plaintiff cites one EAJA case. *See* Docket No. 21 at 3 (citing *United States v. Christensen*, 2023 WL 4907230, at *8 (D. Nev. June 21, 2023)). Unfortunately, the quotation in the stipulation is to the motion filed by the plaintiff in that case, whereas the "order" aspect of that document denied the request for attorneys' fees. *See id.* at *9.

must be filed by July 30, 2024, and must include, *inter alia*, (1) the experience and qualifications of Attorney Atkins and Attorney McGarry; (2) evidence supporting the rate sought for Attorney Richard, Attorney Atkins, and Attorney McGarry, including other rate determinations in this District for them or comparable attorneys performing similar services[5]; and (3) explanation as to how the staffing of six attorneys on this case did not result in the expenditure of an unreasonable number of hours.

        IT IS SO ORDERED

        Dated: July 1, 2024

                                                          _____
                                                          Nancy J. Koppe
                                                          United States Magistrate Judge

---

[5] For reliance on rate determinations outside the social security context, an explanation must be provided as to why those cases involve <u>similar services</u> for comparable attorneys.